**THE COURT OF APPEALS OF TENNESSEE**

**EASTERN SECTION**

FILED

**July 24, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| MUNICIPAL EMPLOYEES CREDIT UNION, | ) | SULLIVAN CIRCUIT |
| | ) | |
| Plaintiff/Appellee | ) | NO. 03A01-9703-CV-00085 |
| | ) | |
| v. | ) | |
| | ) | HON. JOHN S. McCLELLAN, III |
| RHONDA SANDERS, | ) | |
| | ) | |
| Defendant/Appellant | ) | AFFIRMED |


Dean Greer, Kingsport, for Appellant

William K. Rogers, Kingsport, for Appellee


**MEMORANDUM OPINION**


_____INMAN, Senior Judge


The General Sessions and Circuit Courts held the appellant liable to the appellee for a series of credit card charges incurred over a period of two years by virtue of a VISA Credit Card issued jointly to the appellant and her now-deceased husband. She appeals, insisting that she did not sign the application for the card and hence cannot be liable.

The appellant's husband made application for a credit card and signed the appellant's name together with his, on the application, which was approved. Each was issued a card, with the same number, although the appellant's card was retained by her husband.

Her husband used the card frequently and monthly statements were regularly mailed to them. Payments were made monthly and, on one occasion, the appellant and her husband obtained a loan to pay jointly incurred credit card debts. On another occasion, the appellant used the card to pay for a substantial purchase at a Sears store. After his death on December 12, 1994 the balance owing on the credit

card debt was $3,036.49, for which the appellant denied liability because she had not signed the application for the credit card.

The proof was sufficient to justify a finding that the appellant inferentially acquiesced in the incurrence of these debts. Each signed the other's name on business documents over a period of years and, for a period of two years, monthly invoices for credit card charges were recognized by her. In light of these essentially undisputed facts, we agree with the trial judge that the post-mortem is untenable.

Our review is *de novo* on the record, accompanied by the presumption that the trial court's findings of fact are correct unless the evidence otherwise preponderates. RULE 13(d), TENN. R. APP. P.

This case is peculiarly subject to disposition by application of RULE 10, TENN. R. APP. P.,[1] and the judgment is affirmed at the costs of the appellant.


_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge

---

[1] **Rule 10. Affirmance Without Opinion - Memorandum Opinion.**
   **(b) Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]